NITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH DALE KRAUSE,

    Petitioner,

v.

BELINDA STEWART,

    Respondent.

Case No. C19-1421-MJP

**REPORT AND RECOMMENDATION**

Petitioner seeks 28 U.S.C. § 2254 habeas relief from his 1994 criminal convictions in King County Superior Court, case number 94-1-01485-1 for five counts of first degree child molestation and one count of first degree rape. *See* Dkt. 5. He contends the exceptional sentence imposed by the Superior Court Judge violates the "Supremacy Clause." *Id.* The Court's records establish this federal habeas petition is a second or successive petition, is untimely, and requests relief based upon judicial rulings made after final judgment was entered and which may not be applied retroactively to this federal petition. The Court accordingly recommends the habeas petition be **DISMISSED** with prejudice and that a Certificate of Appealability (COA) not be issued.

## BACKGROUND

On September 16, 1994, a King County Superior Court Judge sentenced petitioner to a total of 360 months of imprisonment. Dkt. 5. Petitioner contends 280 months of the sentence was

REPORT AND RECOMMENDATION - 1

1  imposed within the state sentencing guideline range and the remaining 80 months was imposed
2  as an exceptional sentence above the guideline range. *Id.* In October, 1998, petitioner filed a
3  petition for writ of habeas corpus challenging his 1994 King County conviction. *See* C98-1453-
4  JCC, Dkt. 1. On July 23, 1999, the Honorable John C. Coughenour issued an order denying relief
5  and dismissing the case. *Id.* at Dkt. 39. Petitioner subsequently filed a motion for permission to
6  file a notice of appeal. *Id.* at Dkt. 44.  Judge Coughenour construed the motion as a request for
7  issuance of a COA and denied it finding petitioner failed to show he was prejudiced by the
8  alleged constitutional violations at or before trial and that he also failed to present evidence his
9  trial lawyer was so deficient that petitioner was deprived of a fair trial. *Id.* at Dkt. 46.

10      On September 4, 2019, petitioner submitted the instant habeas petition, a copy of his
11  judgment and sentence, and a brief in support of the petition. Dkt. 1. The petition was submitted
12  using a form "Petition for Writ of Habeas Corpus under 28 U.S.C. 2241."  28 U.S.C. § 2241
13  "provides generally for the granting of writs of habeas corpus by federal courts, implementing
14  'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F.3d
15  724, 735 (9th Cir. 2008) (en banc) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th
16  Cir.2004). Section 2241 provides the authority for granting habeas relief to a person "who is not
17  in custody pursuant to a state court judgment" but, rather, who is in custody for some other
18  reason, such as pretrial detention or awaiting extradition. *White*, 370 F.3d at 1006; *see also Stow
19  v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (Section 2241's general grant of habeas
20  authority is available to someone who is not in custody pursuant to a state court judgment, such
21  as someone in a criminal trial or awaiting extradition); *McNeely v. Blanas*, 336 F.3d 822, 824 &
22  n. 1 (9th Cir.2003) (allowing a California pretrial detainee asserting a speedy trial claim to
23  proceed under Section 2241).

REPORT AND RECOMMENDATION - 2

In contrast, when a prisoner is in custody pursuant to a state court judgment, § 2254 constitutes his only habeas remedy for any challenge to his detention, regardless of the nature of such a challenge. *White*, 370 F.3d at 1009–10 (holding § 2254 was a state prisoner's exclusive remedy when he sought to challenge his transfer from a state prison to a privately-run prison in another state). "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *Id*.

28 U.S.C. § 2241 and 28 U.S.C. § 2254 thus cover separate situations." *White*, 370 F.3d at 1008. A federal court faced with a habeas petition must conduct "a 'status inquiry into the source of the petitioner's custody, and not an inquiry into the target of the petitioner's challenge.'" *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (citation omitted). "[I]t is only when § 2254 does not apply to a state prisoner (because he is not in custody pursuant to a state court judgment) that he can resort to the Constitution, Article I, Section 9, Clause 2, and § 2241 (to the extent it is different than the Great Writ protected by the Constitution)." *White*, 370 F.3d at 1007; *see also id.* ("when a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case'") (citation omitted).

Here, petitioner has been in state custody since at least 1994 when a state court judge imposed a state criminal sentence totaling 360 months of imprisonment. Section 2254 is therefore the exclusive vehicle for his habeas petition because petitioner challenges the exceptional sentence and term of custody imposed pursuant to a state court judgment. In his brief, petitioner contends he has served 280 months of his sentence (as of September 15, 2017) and he is thus serving the remaining the 80 months that was imposed as an exceptional sentence.

REPORT AND RECOMMENDATION - 3

1  Petitioner contends he has repeatedly argued in the state courts the exceptional sentence is void
2  and contrary to "the laws of congress" and the United States Constitution in violation of the
3  Supremacy Clause. In specific he argues his exceptional sentence is invalid because it was
4  imposed by a judge based upon factors created by the Washington State Legislature rather than
5  facts found by a jury.
6        In support of this argument, petitioner claims under *Jones v. United States,* 526 U.S. 227
7  (1999) and *Apprendi v. New Jersey,* 530 U.S. 466 (2008), "it is unconstitutional for a legislature
8  to remove from the jury the assessment of facts that increase the prescribed range of penalties to
9  which a criminal defendant is exposed."  Although petitioner's brief cites to *Jones* and *Apprendi*,
10 petitioner contends he has never argued in the state courts that these cases or *Blakely v.*
11 *Washington* should be applied retroactively; rather he argues his request for relief relies upon the
12 Supremacy Clause.
13                               **DISCUSSION**
14 **A.**      **The Petition is Barred by the Statue of Limitations**
15       This habeas petition was filed more than ten years after petitioner's state judgment
16 became final and is thus barred by the federal habeas statute of limitations. This is evident
17 because petitioner was sentenced in 1994 and filed his first federal habeas petition challenging
18 this conviction in 2008. Because this petition is filed far past the limitations period, the Court has
19 considered whether there is an exception to the statute of limitations which applies here. The
20 Court concludes no exception applies. The petition claims the exceptional sentence imposed in
21 this case is null and void based upon the Supremacy Clause. In support, petitioner's brief cites to
22 cases that predate his conviction. Petitioner also cites to cases that post-date his conviction but
23 argues he is not relying upon these cases and relies entirely upon the Supremacy Clause. Even if

REPORT AND RECOMMENDATION - 4

the Court were to consider the *Apprendi* line of cases post-dating petitioner's conviction, these cases are not retroactive to cases seeking collateral relief and therefore are not grounds for relief.

The present federal habeas petition thus does not rely upon newly discovered evidence or new United States Supreme Court law made applicable to cases on collateral review. Rather it asserts a claim for relief based upon existing law which petitioner knew about or should have known about when he was sentenced in 1994. This untimely federal habeas petition should thus be dismissed with prejudice.

### 1. The Federal Statute of Limitations, 28 U.S.C. § 2244(d)

Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms

the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the state supreme court, the direct review process concludes upon expiration of time for seeking review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

Here, petitioner was sentenced in 1994. He filed his first federal habeas petition challenging his conviction and sentence in 1998. Petitioner's state judgment was final sometime before he filed the first habeas petition. This is evident because the Court would otherwise have found the habeas petition to be either premature or raising unexhausted claims. *See e.g. Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (Federal habeas review is unavailable until state remedies are exhausted.). Instead, the Court addressed petitioner's claims that he was denied due process; that his right to a speedy trial was violated, that the trial judge unconstitutionally communicated with the jury and that he was denied effective assistance of counsel. The Court rejected the claims on the merits, dismissed the petition, and denied issuance of a COA. Petitioner's state conviction was thus clearly final by 1998, and the petition he filed in 2019 is thus clearly beyond the statute of limitations and untimely.

**2.    Equitable Tolling**

Although this federal habeas petition is untimely, the Court has considered whether there are equitable grounds to toll the statute of limitations. The federal statute of limitations may be equitably tolled if the petitioner shows "'(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). A simple "miscalculation" of the statutory deadline is not a sufficient basis for demonstrating equitable tolling. *Id.* at 2564. To obtain equitable tolling, extraordinary circumstances beyond a petitioner's control must have prevented the petitioner

REPORT AND RECOMMENDATION - 6

from filing a federal petition on time. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003).

Equitable tolling is appropriate only where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The threshold necessary to obtain equitable tolling is thus very high, and the petitioner bears a heavy burden to obtain tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002).

Here, petitioner alleges the sole basis of relief is the Supremacy Clause and cites cases in support that were decided before he was sentenced. Specifically, petitioner contends the exceptional sentence imposed is invalid under "*Gibbons v. Ogden*, 9 Wheat 1, 211, 6. L.Ed. 23 (1824) and *Wisconsin Public Intervenor v. Mortier*, 501 U.S. 597, 111 S.Ct. 2476, 115 L.Ed. 2d. 532 (1991)." Dkt. 5, Brief in Support at 1. Petitioner thus knew or should have known the basis for relief asserted here in 1994 when he was sentenced, or in 1998 when he filed his first federal habeas petition. But instead of raising the claim in 1998 when he filed his first federal habeas petition, he waited until 2019 to initiate this action.

In short, petitioner filed his federal habeas petition outside of the § 2254 statute of limitations period. The Supremacy Clause claim he raises now was available to him in 2008 when he filed his first federal habeas petition. As he relies upon a claim that he knew about or should have known about in 2008, he is not entitled to equitable tolling of the limitations period. The present petition is accordingly time-barred and should be dismissed under 28 U.S.C. § 2244(d)(1).

**B.    The Petition is Second or Successive**

REPORT AND RECOMMENDATION - 7

In 1998, petitioner filed a federal habeas petition seeking relief from the same conviction involved in this case. *See* C98-1453-JCC. Thus, based upon the Court's records, petitioner's current habeas petition is a second or successive petition.

A district court must dismiss any claim presented in a second or successive § 2254 petition unless the applicant shows that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) the factual predicate for the claim could not have been discovered previously with due diligence and the facts underlying the claim, if proven and reviewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found petitioner guilty of the underlying offense, 28 U.S.C. § 2244(b)(2).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). As such, a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996).

Petitioner has not obtained leave to file the petition herein from the circuit court. As a result, the Court must dismiss the petition. Ninth Circuit Rule 22-3 (a) provides guidance:

> Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of

REPORT AND RECOMMENDATION - 8

appeals.

In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997). Here, because petitioner has not obtained permission to file this second or successive petition, it should petition should be referred to the Ninth Circuit if the assigned district judge finds the present petition is timely and asserts a claim upon which relief may be granted.

**C.      The Merits of the Petition**

Petitioner contends the exceptional sentence he received violates the Supremacy Clause of the United States Constitution. The argument fails because the Court cannot grant federal habeas relief unless the state court decision is contrary to or an unreasonable application of clearly established Federal law as defined by the Supreme Court of the United States. 28 U.S.C. § 2254 (D)(1). The Supreme Court has not held the Supremacy Clause is violated by imposition of an exceptionally high sentence under the Washington State's sentencing guidelines. Accordingly, the Supremacy Clause, alone, is not a basis upon which relief may be granted.

The closest Supreme Court decision that touches upon petitioner's Supremacy Clause claim is *Blakely v. Washington,* 542 U.S. 296, 304 (2004). In *Blakely*, a Washington State Judge imposed an exceptional sentence based upon the judge's finding Blakely acted with deliberate cruelty. Petitioner here similarly argues the exceptional sentence he received was based upon findings the trial judge made, not facts found by the jury beyond a reasonable doubt.  Petitioner's argument thus mirrors *Blakely's* argument that "this sentencing procedure deprived him of his federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence." *Id.* at 306.

REPORT AND RECOMMENDATION - 9

However, a state prisoner such as petitioner whose conviction became final by 1998, may not automatically apply the rule from subsequently decided cases to his § 2254 habeas corpus petition. *Teague v. Lane*, 489 U.S. 288, 310 (1989). Congress has mandated "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A).

It has long been established in the Ninth Circuit that "the Supreme Court announced a new rule in *Blakely v. Washington* that does not apply retroactively to a conviction that was final before that decision was announced." *Schardt v. Payne,* 414 F3d. 1025, 1038 (9th Cir. 2005). Accordingly, the rule set forth in *Blakely* is not available to petitioner as a basis for federal habeas relief. Because petitioner's Supremacy Clause relies upon the rule articulated in *Blakely*, this petition should be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a COA from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3).  A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree this habeas petition is untimely, rests upon grounds for relief that cannot be applied to the petition and is a

second or successive petition.  The Court should therefore not issue a COA. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

The Court recommends this federal habeas petition be dismissed as untimely and because it relies upon authority not retroactively applicable to this petition. Additionally, this is the second habeas petition that petitioner has filed in this court challenging his 1994 judgment and conviction. Petitioner has not obtained permission to file a second or successive petition and if the Court decides not to dismiss the case, this second petition should be referred to the Ninth Circuit. The Court also recommends that a COA not be issued.

Any objections to this Recommendation must be filed no later than **September 27**, **2019.** The Clerk should note the matter for **Fri**d**ay, September 27, 2019,** as ready for the District Judge's consideration if no objection is filed. Objections shall not exceed 7 pages. The failure to timely object may affect the right to appeal.

DATED this 13th day of September, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11