UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| KEITH DALE KRAUSE, | CASE NO. C19-1421 MJP |
|---|---|
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| BELINDA STEWART, | |
| Respondent. | |

THIS MATTER comes before the Court on Petitioner's Objections (Dkt. No. 7) to the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge. (Dkt. No. 6.) Having reviewed the Report and Recommendation, the Objections, and all related papers, the Court ADOPTS the Report and Recommendation and DENIES Petitioner's 28 U.S.C. § 2241 Petition.

The relevant facts and procedural background are set forth in detail in the Report and Recommendation. (Dkt. No. 6.) Construing the Petition as seeking habeas relief under 28 U.S.C. § 2254, Magistrate Judge Tsuchida found that: (1) the Petition is time-barred; (2) the

1 | Court lacks jurisdiction because the Petition is second or successive, and; (3) the Petition lacks

2 | merit. (Id. at 9-10.) Judge Tsuchida also recommended denying Petitioner a certificate of

3 | appealability ("COA"), directing Petitioner to address whether a COA should issue in his written

4 | objections. (Id. at 10-11.)

5 | Petitioner now objects to Magistrate Judge Tsuchida's construction of the Petition as

6 | seeking habeas relief under 28 U.S.C. § 2254, and Judge Tsuchida's finding that the Petition

7 | lacks merit. (Dkt. No. 7 at 1-4.) The Court finds both objections unfounded. First, habeas relief

8 | under 28 U.S.C. § 2241 provides the authority for granting habeas relief to a person "who is not

9 | in custody pursuant to a state court judgment" but, rather, who is in custody for some other

10 | reason, such as pretrial detention or while awaiting extradition. White v. Lambert, 370 F.3d

11 | 1002, 1006 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546

12 | (9th Cir. 2010). Because Petitioner has been in state custody since 1994 pursuant to a judgment

13 | by the King County Superior Court, 28 U.S.C. § 2254 is the exclusive vehicle for habeas relief.

14 | (Dkt. No. 1, Ex. 2); White, 370 at 1009-10.

15 | Second, Petitioner's primary objection, that his exceptional sentence violates the

16 | Supremacy Clause of the United States Constitution, is fully addressed in the Report and

17 | Recommendation. (Dkt. No. 6 at 9-11.) Because Petitioner has filed previous habeas petitions,

18 | Krause v. Wengler, No. C09-1452, 2010 WL 3502728 (W.D. Wash. Sept. 3, 2010); Krause v.

19 | Stewart, C98-1453-JCC, Dkt. No. 1 (W.D. Wash. Nov. 26, 2001), he must show that his claim

20 | "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the

21 | Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). In this case, as

22 | discussed in the Report and Recommendation, the Ninth Circuit has held that Blakely v.

23 | Washington, 542 U.S. 296, 304-05 (2004), which found that the petitioner's exceptional sentence

24 |

violated the Sixth Amendment, does not apply retroactively to cases that became final prior to its publication, such as Petitioner's. Schardt v. Payne, 414 F.3d 1025, 1027 (9th Cir. 2005). Further, although Petitioner did not address the Report and Recommendation's other conclusions—that the Petition is time-barred and is second, or successive—the Court finds that these issues alone preclude the Court from granting habeas relief. (Dkt. No. 6 at 4-7.)

The Court therefore ADOPTS the Report and Recommendation and DISMISSES Petitioner's habeas petition with prejudice. Finding that Petitioner has failed to demonstrate that a reasonable jurist would disagree that the habeas petition lacks merit, is time-barred, and is second or successive, the Court declines to issue a Certificate of Appealability.

The clerk is ordered to provide copies of this order to Judge Tsuchida, Petitioner, and to all counsel.

Dated December 11, 2019.

Marsha J. Pechman
United States District Judge